No. 2579

Second Circuit

LEVY v. TELCIDE

(May 22, 1928.  Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Bills and Notes—Par. 192, 208; Pleading—Par. 62.

Where two notes are given for the balances in the two previous years, the owner does not lose his right to sue on the larger note because of his having previously entered suit on the smaller one because each note represents a separate debt which the debtor agreed by his execution of the notes.  Articles 91 and 156 of the Code of Practice therefore have no application.

Appeal from the Tenth Judicial District Court, Parish of Natchitoches.  Hon. John F. Stephens, Judge.

Action by Leopold Levy against Charles Telcide.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellee.

James W. Jones, Jr., of Natchitoches, attorney for defendant, appellant.

ODOM, J.  This is a suit on a promissory note.  There was judgment in the lower court for plaintiff, and defendant appealed.

Plaintiff annexed to and made a part of his petition a promissory note alleged to have been signed by defendant for $144.38 dated December 31, 1919, and made due and payable on October 15, 1920, with interest at 8% from date and 10% attorney's fees.

Before pleading to the merits, but reserving his rights to do so, defendant filed an "exception of no cause or right of action and a plea of res adjudicata" which was overruled by the court.

Defendant then answered, admitting his signature on the note, but denied that he was indebted unto plaintiff in any sum whatever.

He further alleged that on December 31, 1919, he was indebted to plaintiff in the sum of $188.38 on open account, and that on said date he executed his two promissory notes payable to the plaintiff, one for $44.38 and the other for $144.38 both due and payable on the same date, to-wit: October 15, 1920, and that on the — day of September, 1925 (should be 1924) the plaintiff filed suit on the $44.00 note in the Justice Court and obtained judgment thereon and that the same became final in due course.

And in paragraph 5 of his answer he alleges—

"That the said Levy having sought to give the Fourth Justice Court jurisdiction of any demands against your defendant, by remitting any amount that your defendant might be owing or demanding less than was due him, has remitted any overplus that your defendant may have owed the plaintiff, and the plaintiff cannot now bring a demand for such overplus, having demanded less than was due him in his action in the said Justice Court and having brought suit for less than was due him, loses his right to recover any balance that may have been due."

Defendant grounds his defense, as set out above, upon Article 91 of the Code of Practice, which reads, in part:

"But if one, in order to give jurisdiction to a judge, demand a sum below that which is really due him, he shall be presumed to have remitted the overplus."

And Article 156, which reads:

"If one demand less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus."

The facts disclosed by the record are that plaintiff is a merchant and during the year 1918 sold goods and supplies to the defendant on open account. At the end of the year, after receiving credits due him, defendant owed a balance on the account of that year amounting to $44.19.

He continued to buy goods from plaintiff through the year 1919 on open account as in the year 1918. At the end of the year 1919 he owed a balance for that year of $144.38, making a total indebtedness of $188.57.

On December 31, 1919, both accounts were closed by notes, the defendant executing one note for $44.19 and one for $144.38. These notes were dated December 31, 1919, and were made due and payable on the same date, to-wit: October 15, 1920.

In September, 1924, nearly four years after the notes were due, plaintiff brought suit before a Magistrate to collect the smaller note and obtained judgment.

More than a year later he brought the present suit in the District Court.

The sole defense is that plaintiff having brought suit on the notes for the less amount cannot now maintain an action on the other note.

We do not think the defense is good.

It is true, as argued by counsel for defendant, which argument is supported by numerous authorities which he cites, that a creditor is not permitted to split up or divide one debt for the purpose of conferring jurisdiction upon a court of inferior jurisdiction and thereby bring on a multiplicity of lawsuits and harass and embarrass his debtor. But that is not the case here. The creditor did not divide the debt in order to give the Magistrate court jurisdiction. That is evident from the fact that he took one note for an amount within the jurisdiction of the Magistrate court and the other above that jurisdiction. If he had taken two notes, each for one-half of the total amount due, each would have been within the Magistrate's jurisdiction and it might be argued that his purpose in taking two notes was to give the Magistrate jurisdiction.

But suppose it be conceded that plaintiff did intend by taking two notes to confer jurisdiction on the Magistrate in one case, the debtor cannot complain because he consented thereto by executing two notes. The act of the debtor in giving two notes to close the account was purely voluntary. There is not even a suggestion that he was coerced or unduly influenced to give two notes instead of one. The debtor himself divided the debt and gave two notes.

These notes were separate and distinct entities. Each evidenced an obligation to pay the amount stipulated therein. The owner of the notes had two separate causes of action, one on each note, two separate and distinct demands.

Under Article 148 of the Code of Practice the creditor could have cumulated these actions in the same demand, but he was not compelled to do so. The Code

provides that "separate actions may be cumulated" not that they must be.

When a creditor has two separate demands or causes of action, as the plaintiff had in this case, he is not bound to include in one action all the claims he has against his debtor under the penalty of being held to have remitted those he has not included. If he holds several notes, he may sue on them separately.

But there is another angle to this case.

Counsel says that defendant owed but one debt when he signed the notes on December 31, 1919. It is admitted that defendant purchased goods from plaintiff .upon open account during the year 1918 and that at the end of that year he owed a balance on that account of $44.19. He likewise purchased goods on open account in the year 1919 and at the end of that year owed a balance on the account of 1919 of $144.38. The notes given correspond exactly with the amounts of these balances. It is therefore evident, in fact Mr. Levy says that, these notes were given to close the balances. The small note was evidently given to close the account of 1918 and the larger one to close the account of 1919. These were separate debts. There were two balances.

Counsel says the balance for 1918 was carried over and merged into the account of 1919 so that at the end of 1919 there was one balance of $188.57.

But the record does not show that. On the contrary, it is evident that both plaintiff and defendant considered that there were two debts, one for the balance of 1918 and the other for the balance of 1919, and separate notes were given to close these balances.

We have read and considered the cases cited by counsel for defendant. None of them support the contention that under the facts in this case plaintiff lost his right to sue on the note here involved by virtue of his having brought suit on the smaller note in the Magistrate's court.

Judgment affirmed with costs.